[No. 3998.]

THE PEOPLE EX REL. THE COLORADO BAR ASSOCIATION v. MONROE.

ATTORNEYS AT LAW—DISBARMENT—CONVICTION OF CRIME.

The right to practice law is not a right of citizenship, and in a proceeding to disbar an attorney on the ground that he has been convicted of a felony the fact that he may have been restored to his rights of citizenship by pardon or by serving out his term of imprisonment is no defense to the action of disbarment.

*Original Proceeding.*

Mr. LUCIUS W. HOYT, Mr. DAVID M. CAMPBELL, attorney general, and Mr. CALVIN E. REED, for relator.

Mr. C. W. STEPHENSON, for respondent.

PER CURIAM. This is a proceeding against respondent to have his name stricken from the roll of attorneys on the ground of his conviction of a felony. In his answer respondent admits all the material averments of the petition, for the reason, as he states, that they are true; and then proceeds to

set forth his version of the facts and circumstances under which he converted to his use the money for embezzling which he was found guilty.

The decision is on petitioner's motion for judgment on the pleadings.   Although in the answer respondent maintains that these unverified allegations are, in law, sufficient to work a dismissal of the proceeding, in the brief it is not contended that we may review the evidence produced at the trial of the respondent on the criminal charge for the purpose of testing its sufficiency to support the verdict.   The object in inserting these matters in the answer is said to be that the court may have the benefit of them before pronouncing judgment in the pending proceeding, and that it may give to them the effect, as already stated, of suspending further action against respondent.

Furthermore, in the brief the respondent relies upon section 10 of article 7 of the constitution, which provides that every person who was a qualified elector prior to being confined in a public prison, and who is released therefrom by virtue of a pardon, or having served out his full term of imprisonment, shall, without further action, be invested with all the rights of citizenship, except as otherwise provided in the constitution.   The point made is that the right to engage in the practice of law is a right of citizenship, and that where one is sentenced for a crime, his pardon, or service of a full term of imprisonment, without further action, reinvests him with the right to practise law which he enjoyed before his conviction.

There are two sufficient answers to this contention, one of which is that it is not shown either that respondent has been pardoned, or that he has served out his full term of imprisonment; but, on the contrary, it does appear that he is simply released from confinement on parol.   The other answer is to be found in our opinion in the case of Weeber, decided at this term (ante, p. 229), rejecting such construction of this provision, and we do not deem it necessary to repeat here our views there fully expressed.

Under the admitted facts we do not see how we can escape pronouncing judgment of disbarment. In another and more appropriate proceeding, these and other facts might be considered, but in this proceeding, under the law of this state, there is nothing left for the court to do but to strike from the roll of attorneys of this court the name of respondent, and to tax the costs to him, and judgment is so ordered.